WILCOX v. FIRST METHODIST EPISCOPAL CHURCH AND SOCIETY OF ·
VILLAGE OF HENDERSON et al.

(Supreme Court, Appellate Division, Fourth Department.   May 3, 1905.)

DEEDS—DELIVERY—EVIDENCE.

Deceased, while in poor health, executed a deed for the benefit of defendant church corporation, which was placed with her will in an envelope, indorsed with a direction to present the papers at her death, unless recalled, to the grantee, who was a trustee of the church. Before her death she recalled the papers, but without opening the envelope, a few days prior to her death, and, knowing that she was about to die, she directed R. to get the papers and deliver them to the grantee after her death, which was done. *Held*, that such facts were sufficient to show a valid delivery of the deed.

Williams, J., dissenting.

Appeal from Special Term, Jefferson County.

Action by Andrus R. Wilcox against the First Methodist Episcopal Church and Society of the Village of Henderson and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

The action was commenced on the 1st day of April, 1903, to recover the possession of certain premises described in the complaint, and for damages for their retention, which the defendant claimed to hold by reason of a certain deed which purported to be executed by one Mary E. Eggleston, deceased, which deed bears date the 29th day of May, 1902. The only question involved was whether or not such deed was delivered to the defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Kellogg & Brown (George W. Reeves, of counsel), for appellant.

A. M. Leffingwell, for respondents.

McLENNAN, P. J.   The plaintiff is one of the heirs at law of Mary E. Eggleston, deceased, who died intestate as to her real estate on the 11th day of November, 1902, aged 74 years, and who in her lifetime was the owner in fee of a house and lot in the village of Henderson, Jefferson county, N. Y., of the value of about $1,000, the possession of which this action is brought to recover. On the 29th day of May, 1902, the deceased, who was then in poor health—one Dr. Olin F. Buell, a trustee of the defendant corporation, acting as scrivener—made a will of what little personal property she owned, and executed a deed of the house and lot in question to James L. McCumber and others as trustees of the respondent corporation. The two papers—the will and the deed—were then and there placed in an envelope, which was sealed and delivered by the deceased to Dr. Buell. On the envelope was the following indorsement: "At the time of my death present these papers to James L. McCumber unless recalled by me. [Signed]   Mary E. Eggleston." Such package was taken by Dr. Buell to his home and placed in his safe. On the 28th day of October, 1902, the de-

ceased sent by messenger to Dr. Buell for the papers, and they were returned to her. Upon their return they were placed by her in her secretary. A day or two later Dr. Buell called upon her, and she assured him that the papers were as she desired. The papers were then upon the table—the envelope unbroken—and the deceased said: "I will put them into this secretary, and when Mrs. Rice comes down I will give them to her." And the deceased further stated that Mrs. Rice was to deliver them to Mr. McCumber. Thereafter, and on the morning of November 4, 1902, the deceased became more seriously ill; and Mrs. Rice, an old friend and neighbor of hers, who had stayed with her the night before, was sent for. During the day the deceased talked with friends present about her approaching death, and asked that certain relatives be informed of her condition. Soon after noon of that day Dr. Buell was sent for, and himself and a Rev. Mr. Phelps and Mrs. Rice met at the bedside of the woman. At that time Dr. Buell asked Mrs. Eggleston if she had given the papers to Mrs. Rice. She said she had not, but would, and that they were in the secretary, where she had left them the other day. The doctor then asked if she wanted Mrs. Rice to go and get them, and she answered, "Yes." Such answer was repeated to the like question by him. Mrs. Rice then went to the secretary, got the papers, and after the death of Mrs. Eggleston, which occurred a few days thereafter, delivered the deed in question to Mr. McCumber, who accepted it for and on behalf of the defendant corporation. The evidence clearly shows that it was the intention of the deceased that at her death the property in question should become vested in and belong to the defendant corporation. This intention is evidenced by numerous conversations and declarations made by her during her last sickness, and even previous to that time, and it is not seriously contended that the conveyance to the defendant was not exactly in accordance with the wishes and intention of the deceased. The only contention on the part of the appellant is that there was not such delivery of the deed as gave effect to such purpose and intention.

We deem it unnecessary to determine the effect of the transaction of the 29th day of October, 1902, between the deceased and Dr. Buell, which it is claimed constituted a delivery of the deed and vested the title of the property in the defendant corporation, because the learned trial court did not base his conclusion that a delivery had been made upon such transaction. The finding of fact is:

"That on November 4, 1902, the said Mary E. Eggleston, being then seventy-four years of age and in her last illness, and not expecting to recover, and being of sound mind and under no restraint, voluntarily delivered the said package [which contained the will and the deed in question, and upon which was the indorsement above quoted], which had remained unbroken, containing the said deed, to Mrs. Lucinda B. Rice, of said Henderson, and directed her to deliver the same to the said McCumber for the use and benefit of the said defendant church; and thereafter, and on November 11, 1902, the said Mrs. Rice actually delivered the said deed to McCumber, who accepted the same for the said defendant church, but the said delivery was not made until a few hours after the death of Mary E. Eggleston, which occurred on the day last mentioned."

We think such finding of fact was fully justified by the evidence. In short, the evidence clearly tends to show that the deceased intended that the house and lot in question should go to and belong to the defendant upon her death. She had executed a deed in due form giving effect to such intention. On November 4, 1902, such deed was in her possession. It is true, it was in a sealed envelope, indorsed subject to recall; but, fully understanding and appreciating the situation, and without reference to the indorsement which had been previously put upon the envelope in which said deed was contained, she directed her friend Mrs. Rice to take the deed from the place in which it was, and to deliver it to the defendant upon her death. We think, under such circumstances, the indorsement upon the envelope in which the deed was contained did not make it a conditional delivery, but that at the time the deceased appreciated that her death was approaching, and that her direction to Mrs. Rice to take the deed from the place in which it had been kept, and deliver it to Mr. McCumber, representing the defendant, upon her death, was an unconditional delivery of the deed, and such as vested the title in the defendant corporation.

We conclude that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except WILLIAMS, J., who dissents.